KELLY, Judge.
This appeal arises from a guardianship proceeding brought by Anne S. Bent to determine the capacity of her mother, Dain F. Searle. After conducting an evi-dentiary hearing and receiving testimony, the trial court determined that Ms. Searle was incapacitated and appointed Thomas Bellino and Sabal Trust Company as guardians of her person and property. We affirm but write only to address Ms. Searle’s argument that the trial court erred by not considering less restrictive alternatives to a guardianship in accordance with the requirements of chapter 744.
Ms. Searle is an elderly widow of considerable financial means. In 2010, Ms. Bent petitioned to have Ms. Searle deemed incapacitated due to her poor physical and mental health and because of a concern Ms. Searle was being exploited by her caretakers. During the proceedings, Ms. Bent filed a “Verified Statement by Interested Person Pursuant to F.S. § 744.331(6)®.” In that affidavit, she alleged that her mother’s durable power of attorney and various estate planning documents executed after December 3, 2006, were invalid because of Ms. Searle’s lack of mental capacity or because the documents were the product of undue influence. The verified statement contained numerous facts regarding Ms. Searle’s mental and physical condition, as well as findings made by medical experts regarding her mental capacity and need for a guardian.
Following the adjudicatory hearing, at which extensive evidence was presented, the trial court issued a detailed order finding Ms. Searle to be incapacitated and in need of a plenary guardianship. The order stated, in part, that based on the totality of the evidence, the verified statement *1030 filed by Ms. Bent established a reasonable factual basis to believe that Ms. Searle’s trust, trust amendments, and durable power of attorney were invalid and thus not an alternative to guardianship.
On appeal, Ms. Searle contends the trial court erred in relying on the allegations in Ms. Bent’s verified statement instead of considering less restrictive alternatives to guardianship as required by statute. She claims the trial court’s actions violated her right to due process by “effectively invalidating her entire estate plan” based solely on the filing of an affidavit.
Section 744.331, Florida Statutes (2010), sets forth the procedure for determining incapacity and for the appointment of a guardian. The statute provides, in pertinent part:
(6) ORDER DETERMINING INCAPACITY.—
(b) When an order determines that a person is incapable of exercising delega-ble rights, the court must consider and find whether there is an alternative to guardianship that will sufficiently address the problems of the incapacitated person. A guardian must be appointed to exercise the incapacitated person’s delegable rights unless the court finds there is an alternative. A guardian may not be appointed if the court finds there is an alternative to guardianship which will sufficiently address the problems of the incapacitated person.
(f) Upon the filing of a verified statement by an interested person stating:
1. That he or she has a good faith belief that the alleged incapacitated person’s trust, trust amendment, or durable power of attorney is invalid; and 2. A reasonable factual basis for that belief, the trust, trust amendment, or durable power of attorney shall not be deemed to be an alternative to the appointment of a guardian. The appointment of a guardian does not limit the court’s power to determine that certain authority granted by a durable power of attorney is to remain exercisable by the attorney in fact.
§ 744.331(6)(b),(f), Fla. Stat. (2010).
“ ‘When the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning.’ ” Fla. Convalescent Ctrs. v. Somberg, 840 So.2d 998, 1000 (Fla.2003) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). We conclude that, by relying on Ms. Bent’s verified statement to determine there were no alternatives to guardianship that would adequately protect Ms. Searle’s interests and welfare, the trial court complied with the plain language of section 744.331(6)(f). Although Ms. Searle executed numerous estate planning documents dating back to 2004,[1] the trial court found that the allegations in Ms. Bent’s verified statement called the validity of those documents into question. Thus, under the statute, the trial court was prohibited from considering the documents as an alternative to guardianship.
We disagree with Ms. Searle’s contention that the trial court’s reliance on the verified statement “effectively invalidated her entire estate plan.” There is nothing in section 744.331(6)(f) that invalidates the challenged documents. As the trial court explained in its order:
*1031 The court is not required to determine the validity of the challenged documents at this time and renders no opinion on the truth or falsity, sufficiency or insufficiency of the allegations. In accordance with this finding of good faith and reasonable factual basis, the court may not deem the trust, the trust amendment or the durable power of attorney alternatives to the appointment of a guardian.
Moreover, the trial court is not prohibited from reviewing the continued need for a guardianship if Ms. Searle’s documents are later determined to be valid, or if alternatives to guardianship arise which will sufficiently address her needs. See § 744.462 (providing that the court shall review the continued need for a guardian if the ward’s durable power of attorney, trust, or trust amendment is determined to be valid, or if a petition is filed alleging there is an alternative to guardianship that will meet the needs of the ward).
Accordingly, we affirm.
CASANUEVA and VILLANTI, JJ., Concur.

. To the extent Ms. Searle’s argument concerns her 2004 revocable trust and whether the trial court considered it a viable alternative to guardianship, it is clear from the record that this issue was fully litigated and considered by the trial court during the hearing on Ms. Searle’s motion for involuntary dismissal.